Smith, J.
The defendant in error has filed a motion to strike the petition from the files on the ground that it was not brought within four months from the making of the order sought to be reversed thereby.
Burkhardt commenced an action before a justice of the peace against four persons, of whom Buser was one, to recover rent claimed to be due from them. The case was appealed to the court of common- pleas, and on June 25, 1897, the plaintiff recovered a judgment against the defendants for $15á, 62, and costs. On this judgment an execution is: sued and was returned unsatisfied, and proceedings in aid of execution were commenced before a judge of the common pleas court to subject to the payment of the claim of Burkhardt, about $261, deposited in the Western German Bank to the credit of Buser, and on October 16, 1899, said judge made an order that said bank and Buser appear before Edwin Gholson, appointed as referee, to answer under oath concerning said property,said referee to report the evidence to the court. On November 3, 1899, the report of the referee, with the evidence taken by him, was filed, and on December 8, 1899, Anna Wellner was made a party defendant, and she filed an answer, which is not with the papers, but which we suppose from the other papers, asserted that $200 of the money in the Western German • Bank in the name of Buser, belonged to her.
On January 12, 1900, an order was made by the court on the evidence reported by the referee finding that as between her and the creditors of Buser, she had no lien on the fund in the bank, but was a general creditor of Buser; that the said deposit of $261.03 is applicable to the payment of the debts of Buser, but was tied up by injunction in another *367 suit in said court brought by the' wife of Buser in which she claims Baid fund. Wherefore the court refused to make an order disposing of said fund, and referring the parties in this case to that case for the settlement of their rights thereto, but directing the costs of the case to be paid from ' that fund. Anna Wellner excepted and gave notice of appeal, but did not perfect the appeal. Nor was any petition in error filed to reverse this judgment within four months from its entry.
W. J. Davidson, for the motion.
George W. Hengsi, for Buser.
On February 2, 1900, an additional entry was placed on the journal fixing the fees of the referee at $25, and of the stenographer at $15.25, and ordering said sums to be taxéd in the costs and paid from the deposit in the bank to the credit of Buser, and ordering said bank to pay all the costs of the proceeding, $69.96, to the clerk, to which Buser excepted.
On June 1, 1900, Buser filed his petition in error in this court to reverse the judgment of February 2, 1900. This was within four months from the entry of said order, and, therefore, is not open to the objection urged against it.
The question whether the judgment entered on February 2, and which it was sought to reverse, is one to which error will lie, or if it will, whether the plaintiff in error, having taken no steps to bring before the court the evidence on which the allowance to the referee and stenographer was .based, is entitled to a reversal of such order, or whether the order of February 2, 1900, is anything more than was contained in that of January 12, 1900, were not presented and will not be passed upon. As the court by its first order found that this fund was claimed in another suit by a person not a party to this cause, and remitted the parties to that case to settle their rights to this fund, it would seem that it should not have ordered the costs of this case to be paid from that fund. But no petition in error was filed to reverse that order of January 12th. It is doubtful, too, whether Anna Wellner is not a necessary party to this proceeding in error.- But we now content ourselves by overruling the motion to strike the petition in error from the files on the ground set up in the motion.